IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBELA K. LANGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1420-W |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner, Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Lee R. West, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)( B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ___). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, the undersigned recommends that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff filed her applications for disability and supplemental security income benefits on March 15, 2002, with a protective filing date of January 2, 2002, alleging a disability onset date of September 1, 2000. Tr. 17, 52-54, 200-02. She alleged that she

was disabled due to spinal surgery, arthritis, and a learning disability. Tr. 17, 31, 63. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 29, 30, 31-33, 35-36, 199, 203, 204-05. Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on October 28, 2003. Tr. 37, 224-58. Plaintiff appeared in person and with counsel and offered testimony in support of her applications. Tr. 226, 227-48. A vocational expert testified at the request of the administrative law judge. Tr. 46, 249-57. The administrative law judge issued his decision on November 26, 2003, finding that Plaintiff was not disabled within the meaning of the Social Security Act and was not entitled to either disability insurance benefits or to supplemental security income benefits. Tr. 14-16, 17-24. The Appeals Council denied Plaintiff's request for review on August 24, 2004, and therefore the decision of the administrative law judge became the final decision of the Commissioner. Tr. 6-8.

## II. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may

> neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751, & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

## III. ANALYSIS

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 18. He first found that Plaintiff had engaged in substantial gainful activity since the alleged disability onset date, but he did not deny her applications for benefits on this basis. Tr. 18-19, 23. At step two, the administrative law judge found that Plaintiff is status post surgery of the lumbar spine with fusion, and that she has a history of arthritis with multiple joint pain that causes significant vocationally relevant limitations. Tr. 19. At step three, the administrative law judge found these impairments to be severe, but not severe enough to meet or equal any of the impairments listed in Appendix 1, Subpart P, Social Security Regulations No. 4. Tr. 20-21. At the fourth step of the sequential evaluation process, the administrative law judge determined that Plaintiff retained the residual functional capacity to perform her past relevant work as a waitress

and cashier. Tr. 22, 23. The administrative law judge further concluded at step five that Plaintiff retained the residual functional capacity to perform the jobs of food preparer, catering helper, cashier II, cafeteria attendant, assembler, and machine tender operator. Tr. 22, 23-24. As a result of these findings the administrative law judge concluded that Plaintiff was not disabled. Tr. 23, 24.

**A. ISSUES ON APPEAL**

Plaintiff raises four issues on appeal. First, she claims that the administrative law judge ignored significant and probative evidence. Plaintiff's Opening Brief, p. 13-15. She next argues that the administrative law judge's credibility analysis was contrary to law and not supported by substantial evidence. Plaintiff's Opening Brief, p. 15-19. Plaintiff's third claim is that the administrative law judge erred as a matter of law by relying on vocational expert testimony that conflicted with the Dictionary of Occupational Titles. Plaintiff's Opening Brief, p. 19-21. Finally, she argues that the administrative law judge's decision regarding her residual functional capacity is not supported by substantial evidence. Plaintiff's Opening Brief, p. 21-25. Certain of these issues are intertwined, and accordingly, they will be addressed as they arise in the context of other issues, as necessary. Because the undersigned agrees that errors with regard to the administrative law judge's treatment of certain evidence and his reliance on vocational expert testimony were improper and require a remand for further proceedings, it is unnecessary to address the remaining issues raised by Plaintiff.

Plaintiff first argues that the administrative law judge ignored significant probative evidence, and thus erred as a matter of law. Plaintiff recognizes that the administrative

law judge is not required to discuss each piece of evidence in the record. However, the administrative law judge must "discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996)(citations omitted). Plaintiff contends that the administrative law judge ignored several significant pieces of evidence, including: (1) a September 13, 2002 medical statement of ability to work completed by Athena Friese, M.D., Plaintiff's treating physician; (2) treatment records from January through March 2002 by Plaintiff's chiropractor, Kevin L. Jones, D.C.; (3) Plaintiff's physical therapy evaluation of September 5, 2002; and (4) the work activity questionnaire and statement submitted by Plaintiff's employer on March 21, 2002. Plaintiff also contends that the administrative law judge's treatment of the opinions of these medical providers in some instances violated the treating physician rule.

On September 13, 2002, Plaintiff's treating physician Dr. Friese, completed a "Medical Statement of Ability to Work" form for the Oklahoma Employment Security Commission. Tr. 103. Therein Dr. Friese noted that she started treating Plaintiff on August 14, 2002. Tr. 103. She opined that due to her scoliosis with back pain and the placement of the Harrington rods, Plaintiff was not able to stand for longer than 2 hours or lift greater than fifteen pounds. Tr. 103. Other than these restrictions, which Dr. Friese predicted would continue, Dr. Friese opined that Plaintiff was capable of working, but not at her usual job. Tr. 103.

The administrative law judge assessed Plaintiff as being capable of light work despite her limitations. Tr. 22. The administrative law judge's decision notes additional

limitations, which he asserts he had included in his questions to the vocational expert. Tr. 22. This recap of the questioning of the vocational expert was apparently intended to modify the administrative law judge's earlier finding that Plaintiff can do light work.

> The undersigned proposed a hypothetical to the vocational expert. Assume an individual the same age, education, past relevant work experience and a residual functional capacity for light work. This person could lift 20 pounds occasionally and 10 pounds frequently. She would be limited in reading and writing; limited in the use of her lower extremities. She would be limited in being around heat and cold, dust, chemicals and hazardous machinery. Would this individual be able to perform her past relevant work, or other work within her residual functional capacity that would exist in significant number in the region and national economy?

Tr. 22. The administrative law judge did not refer to Dr. Friese's opinions regarding Plaintiff's functional limitations in his decision nor did he adopt the limitations on Plaintiff's ability to stand and lift in his residual functional capacity. The administrative law judge's limitation on Plaintiff's ability to lift is less restrictive than that expressed in Dr. Friese's opinion. Furthermore, contrary to Dr. Friese's opinion, the administrative law judge found that Plaintiff could perform her past relevant work as a waitress and cashier. Tr. 22.

Plaintiff contends that the administrative law judge's failure to reference Dr. Friese's report requires remand, because without discussion of this report and the opinions expressed therein, the administrative law judge could not have fulfilled his obligations under Watkins v. Barnhart, 350 F.3d 1297(10th Cir. 2003).

In Watkins, the Tenth Circuit held that an administrative law judge must explain the weight given to a treating physician's opinion, even when the opinion is not considered controlling. Watkins, 350 F.3d at 1300. The administrative law judge must

supply "good reasons" for the weight ultimately given to the treating doctor's opinion. Id. at 1301 (citing 20 C.F.R. § 404.1527(d)(2)). Because in Watkins the administrative law judge failed to articulate the weight given to the treating doctor's opinion, remand was necessary. The Court explained:

> Here, the [administrative law judge] failed to articulate the weight, if any, he gave [the treating physician's] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether. We cannot simply presume the [administrative law judge] applied the correct legal standards in considering [the treating physician's] opinion. We must remand because we cannot meaningfully review the [administrative law judge's] determination absent findings explaining the weight assigned to the treating physician's opinion.

Id. (citing Drapeau v. Massanari, 255 F.3d 1211, 1214 (10th Cir. 2001)); Langley v. Barnhart, 373 F.3d 1116, 1119 (10th Cir. 2004) (even if treating physician's opinion is not entitled to controlling weight, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527); Social Security Ruling 96-2p, 1996 WL 374188, at *4.

> Under the regulations, the agency rulings, and our case law, an [administrative law judge] must "give good reasons in [the] notice of determination or decision" for the weight assigned to a treating physician's opinion. 20 C.F.R. § 404.1527(d)(2); see also Social Security Ruling 96-2p, 1996 WL 374188, at *5; Doyal v. Barnhart, 331 F.3d 758, 762 (10th Cir.2003). Further, the notice of determination or decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96- 2p, 1996 WL 374188, at *5. In this case, the [administrative law judge] offered no explanation for the weight, if any, he gave to the opinion of . . . the treating physician. We must remand because we cannot properly review the [administrative law judge's] decision without these necessary findings.

Watkins, 350 F.3d at 1300. Additionally, although Plaintiff's ability to perform her past relevant work is an opinion on an issue reserved for the Commissioner, the

7

administrative law judge cannot ignore the opinion. See Social Security Ruling 96-5p, 1996 WL 374183, at *3 ("[O]pinions from any medical source on issues reserved to the Commissioner must never be ignored."). The administrative law judge failed to articulate why he gave no weight to Dr. Friese's September 13, 2002 opinion regarding Plaintiff's ability to stand, her limited ability to lift, or her inability to engage in her past relevant work. Although reasons may exist for giving Dr. Friese's opinion less than controlling weight, the administrative law judge failed to acknowledge the existence of the opinion or to specify why he was not giving it controlling weight. This failure is clearly error.

The Commissioner argues that any error with regard to the administrative law judge's treatment of Dr. Friese's opinion was harmless because the vocational expert identified sedentary jobs that Plaintiff could nevertheless perform despite her inability to perform light work as a result of her standing and lifting restrictions.[1] To be successful, the Commissioner's argument requires that the administrative law judge's findings regarding Plaintiff's ability to perform the sedentary jobs identified by the vocational expert be supported by substantial evidence.

The administrative law judge accepted the vocational expert's testimony that there are two sedentary jobs, assembler and machine tender operator, that the Plaintiff could perform despite the limitations imposed by the various hypothetical questions. Tr. 251-

---

[1] Sedentary work requires "the ability to lift no more than 10 pounds at a time and occasionally to lift or carry articles like docket files, ledgers, and small tools." Social Security Ruling 96-9p, 1996 WL 374185, at *3 (1996). Jobs are sedentary if walking and standing are required occasionally, which is defined as up to 1/3 of the time, and generally no more than two hours in an eight hour day. Id. Accordingly, Plaintiff's inability to stand for longer than two hours or lift more than fifteen pounds would not necessarily preclude the performance of sedentary work.

56. Plaintiff contends that given her limitations, the identified sedentary jobs are also inappropriate.

As noted above, in his residual functional capacity assessment the administrative law judge concluded that Plaintiff was limited in her ability to use her lower extremities. Tr. 22. During the hearing the administrative law judge asked the vocational expert whether a limitation on an individual's ability to use her upper or lower extremities on a repetitive basis for the operation of levers and/or foot controls would eliminate any of the jobs she had previously identified. Tr. 255. The vocational expert testified that the job of machine tender operator would be eliminated by this restriction. Tr. 255.

Pursuant to Decker v. Chater, 86 F.3d 953 (10th Cir. 1996), the administrative law judge's hypothetical questions "must reflect with precision all of [the claimant's] impairments." Id. at 955. The administrative law judge found that the evidence supported a limitation on Plaintiff's ability to use her lower extremities. Despite this finding and the vocational expert's testimony that the job of machine tender operator would be excluded with a limitation on the use of either upper or lower extremities, the administrative law judge nevertheless concluded that Plaintiff could perform the job of machine tender operator. Tr. 22. The administrative law judge never asked the vocational expert whether the exclusion of machine tender operator was the result of the limited use of upper or lower extremities. Therefore, when the administrative law judge imposed a limitation on Plaintiff's ability to use her lower extremities, he was required to exclude the job of machine tender operator or to offer an explanation as to why the job was not excluded. Accordingly, the administrative law judge's determination that a

9

person with Plaintiff's limitations could perform the job of machine tender operator is not supported by substantial evidence.

After concluding that the administrative law judge violated the treating physician rule, which requires exclusion of the light work jobs, and after excluding the sedentary job of machine tender operator, the issue remains whether Plaintiff, despite her limitations, could perform the job of assembler. This determination requires consideration of Plaintiff's third assignment of error. Plaintiff argues therein that the vocational expert's testimony conflicted with the Dictionary of Occupational Titles, and that the administrative law judge erred as matter of law in failing to inquire about and receive explanation for any inconsistencies between her testimony and the Dictionary of Occupational Titles.

An administrative law judge has the obligation to investigate and elicit an explanation for any conflict between the Dictionary of Occupational Titles and a vocational expert's testimony before the administrative law judge may rely on the expert's testimony as substantial evidence that a claimant is not disabled. Haddock v. Apfel, 196 F.3d 1084, 1091 (10th Cir.1999); see also Soc. Sec. Rul. 00-4p, 2000 WL 1898704, at *2, 4 (2000). Regrettably, the vocational expert's hearing testimony did not reference the Dictionary of Occupational Titles numbers; she merely identified in general terms the jobs that a person with the proposed limitations could perform. Tr. 251-52. The vocational expert identified the sedentary job of jewelry assembler, novelty assembler. Tr. 251. Review of Dictionary of Occupational Titles reveals that the most similar entry is 700.684.014, noted as an assembler in the jewelry industry, including novelty jewelry.

Assuming that this is the assembler position that the vocational expert had in mind, Plaintiff argues that the administrative law judge failed to fulfill his obligation to inquire about and receive an explanation for any conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles.

The administrative law judge did not ask the vocational expert whether her testimony was based on the Dictionary of Occupational Titles, nor did he ask about any potential conflicts.  The entry for jewelry assembler includes the notation that the job may require use of a foot press. Dictionary of Occupational Titles, 700.684.014.  The administrative law judge found that Plaintiff had limited ability to use her lower extremities. Tr. 22. As noted above, in his hypothetical questions the administrative law judge included a limitation on the use of upper or lower extremities, without greater specification.  In response the vocational expert excluded the job of machine tender operator, but did not explain why the job of jewelry assembler, which might require use of a foot press, would not be eliminated or reduced in number by such a limitation.  The undersigned concludes that the administrative law judge erred in failing to inquire about any conflicts, and an unresolved conflict exists between the vocational expert's testimony and the Dictionary of Occupational Titles.  Therefore, the administrative law judge erred in relying on the vocational expert's testimony.  Because all of the jobs identified by the administrative law judge are excluded by the above analysis, this matter should be remanded for further administrative proceedings.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned recommends that the final decision of the Commissioner of Social Security Administration be reversed, and that the matter be remanded to the Commissioner for further proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court not later than September 5, 2005, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1. This Report and Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 15th day of August, 2005.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE