IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KIMBELA K. LANGLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1420-W |
| | ) |
| MICHAEL J. ASTRUE,[1] | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

This matter is before the court on "Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. §406(b) and Fed. R. Civ. P. 60(b)(6) with Supporting Memorandum." The Defendant Commissioner has responded and thus the matter is at issue. United States District Judge Lee R. West has referred the motion to the undersigned Magistrate Judge for a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B), (b)(3), and for the reasons stated herein, it is recommended that the Plaintiff's motion seeking an award of § 406(b) attorney's fees be granted.

### BACKGROUND

In 2002, Plaintiff filed applications for disability insurance benefits and supplemental security income benefits. Those applications were denied on initial consideration and on reconsideration at the administrative level. Motion, Attch. 1, p. 6. Plaintiff, represented by attorney Philip D. Ryan ("Plaintiff's agency attorney"), sought

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Federal Rule of Civil Procedure 25(d), Michael J. Astrue is hereby substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No other action is necessary. See 42 U.S.C. § 405(g).

administrative review of the denials. An administrative law judge issued an unfavorable decision finding that Plaintiff was not disabled and the Appeals Council denied review. Id.

After the Appeals Council declined to review the administrative law judge's decision, Plaintiff hired Troutman & Troutman, P.C. ("Plaintiff's court attorney") to pursue her claims for benefits in federal court by executing a contingency fee agreement. Motion, pp. 1, 4. The Court entered an order and judgment reversing the administrative law judge's decision and remanded the action for further administrative proceedings. Thereafter, Plaintiff obtained a $6,136.50 attorney's fees award pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Id. at 2.

Upon remand to the administrative law judge, Plaintiff's agency attorney resumed handling Plaintiff's claims and obtained a fully favorable decision finding that Plaintiff was disabled since August 23, 2002. Motion, Attch. 1, pp. 1-15. The Commissioner awarded over $31,000 in past-due benefits to Plaintiff, but withheld 25 percent of the past-due benefits ($7,852.50) for the payment of fees to Plaintiff's agency and court attorneys. Id. at 4, Attch. 2, p. 1. The parties have not apprised the Court as to whether the Commissioner has approved or paid a fee to Plaintiff's agency attorney from the $7,852.50 in past-due benefits withheld for fees. Id. at 2, 4-6; Response, p. 4. In the motion at issue, Plaintiff's court attorney seeks an award of $7,852.00 in attorney's fees pursuant to 42 U.S.C. § 406(b). Motion, p. 1.

DISCUSSION

Section 406(b) of the Social Security Act authorizes district courts to award attorney's fees for work performed at the judicial level if the district court remands an action for further administrative proceedings and the Commissioner ultimately determines that the claimant is entitled to past-due benefits. McGraw v. Barnhart, 450 F.3d 493, 495-96 (10th Cir. 2006). Counsel seeking an award of § 406(b) attorney's fees should file a Rule 60(b)(6) motion for relief from the final judgment entered in the action to obtain an award of such fees.[2]  Id. at 505.

## A. Timeliness of § 406(b) Attorney's Fee Request

"Section 406(b) itself does not contain a time limit for fee requests." McGraw, 450 F.3d at 504. However, because § 406(b) attorney's fees are obtained by filing a Rule 60(b)(6) motion, a request for a § 406(b) fee award should be filed "within a reasonable time of the Commissioner's decision awarding benefits." Id. at 505; Fed. R. Civ. P. 60(b). Whether a Rule 60(b)(6) motion seeking § 406(b) attorney's fees is filed within a "reasonable time" of the Commissioner's decision is left to the district court's discretion. McGraw, 450 F.3d at 505.

The administrative law judge's decision awarding benefits is dated April 27, 2006, and the Notice of Award is dated July 26, 2006. Motion, Attchs. 1-2. Plaintiff's court attorney claims that he did not learn of the award until Plaintiff's agency attorney faxed it to him on October 4, 2006. Motion, p. 2. Two months after receiving notice of the

---

[2] Rule 60(b)(6) provides: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . any . . . reason justifying relief from the operation of the judgment."

3

award from Plaintiff's agency attorney, Plaintiff's court attorney filed his Rule 60(b)(6) motion for § 406(b) attorney's fees. The Commissioner has not taken a position concerning the timeliness of Plaintiff's request for attorney's fees. See Response, p. 7.

Considering that Plaintiff's court attorney was not counsel of record at the administrative level, he has provided a legitimate explanation for the delay in seeking § 406(b) fees after Plaintiff received a favorable decision and his Rule 60(b)(6) motion for § 406(b) attorney's fees has been filed within a reasonable time of the Commissioner's decision.

### B. *Reasonableness of § 406(b) Attorney's Fee Request*

Plaintiff's court attorney has been paid $6,136.50 in EAJA fees for his work before the Court. He now seeks a judgment awarding fees pursuant to § 406(b) for the same representation. Relying on the terms of a written contingency fee agreement that Plaintiff executed, Plaintiff's court attorney contends that Plaintiff owes him 25 percent of the past-due benefits awarded. Motion, p. 4. If Plaintiff's court attorney is awarded the fee requested, he will refund Plaintiff the EAJA fees he has been paid. Id. at 6.

Section 406(b) authorizes an attorney's fee award for a Social Security claimant's legal representation in court. See 42 U.S.C. § 406(b). Any attorney's fee awarded pursuant to § 406(b) must be "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." Id. Section 406(b) attorney's fees are paid "out of, and not in addition to, the amount of . . . past-due benefits." Id.

The existence of a contingent fee agreement does not automatically entitle counsel to the contractually specified amount of past-due benefits as attorney's fees. However, § 406(b) does not displace contingent fee agreements either. Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002); McGraw, 450 F.3d at 498. Instead, § 406(b) requires courts to act as an "independent check" on contingent fee agreements to ensure that they yield a reasonable result in a particular case. Gisbrecht, 535 U.S. at 807. As long as a contingent fee agreement does not obligate the claimant to pay more than 25 percent of past-due benefits for attorney's fees, an attorney seeking a § 406(b) award based upon the terms of a contingent fee agreement need only show that the fee requested is "reasonable for the services rendered." Id.

Plaintiff's court attorney requests a $7,852.00 attorney's fee award pursuant to § 406(b). Motion, p. 1. The amount requested is approximately 25 percent of the past-due benefits awarded to Plaintiff. Id. at Attch. 2, p. 1.[3] The Commissioner does not object to the amount of fees requested and "declines to assert a position on the reasonableness of Plaintiff's request as [the Commissioner] is not the true party in interest." Response, p. 1.[4] The Court must determine whether the fee requested is a reasonable fee award for this case. See Gisbrecht, 535 U.S. at 807.

There is no definitive list of factors to be considered when determining whether a fee request is reasonable. See id. However, a reduction in the contingent fee may be

---

[3] 25 percent of the past-due benefits is $7,852.50, while Plaintiff's court attorney requests $7,852.00.

[4] The Commissioner "has no direct financial stake in the answer to the § 406(b) question; instead, she plays a part in the fee determination resembling that of a trustee for the claimants." Gisbrecht, 535 U.S. at 798 n.6.

appropriate when: (1) the fee is out of line with "the character of the representation and the results . . . achieved"; (2) counsel's delay causes past-due benefits to accumulate during the pendency of the case in court; or (3) past-due benefits "are large in comparison to the amount of time counsel spent on the case." Id. at 808.

Plaintiff's court attorney expended 37 hours of attorney time reviewing the administrative record, researching issues, and briefing the arguments raised at the judicial level in furtherance of Plaintiff's claims. Motion, p. 5. When the fees requested are divided by the time Plaintiff's court attorney spent on the case, the result is an hourly rate of $212.00 per hour for attorney time, which is not a windfall to counsel. See, e.g., Faircloth v. Barnhart, 398 F. Supp. 2d, 1169, 1174 (D.N.M. 2005) (finding requested fee that equated to hourly rate of $510.25 was reasonable considering amount of time spent on case, attorney's risk by taking the case on a contingent fee basis, and efficient resolution of the litigation). Here, the litigation proceeded without delays caused by Plaintiff's counsel and resulted in the reversal of the administrative law judge's decision denying Plaintiff's applications for benefits and a remand for further administrative proceedings. Ultimately, Plaintiff was awarded over $31,000 in past-due benefits. Motion, pp. 4-5. Considering Plaintiff's court attorney's expertise in litigating Social Security claims, the time spent on Plaintiff's case, the expeditious resolution of the litigation, the contingent nature of the fee, and the results achieved, the $7,852.00 in attorney's fees requested under the contingent fee contract is reasonable.

However, Plaintiffs court attorney may not be entitled to payment of the full $7,852.00 requested. A separate provision of the Social Security Act, § 406(a), governs

fees for representation in agency proceedings. 42 U.S.C. § 406(a); see also Gisbrecht, 535 U.S. at 794. Fees for representation at the agency level may not exceed the lesser of 25 percent of past-due benefits or $5,300. Id. As with fees for representation in judicial proceedings, fees for representation in agency proceedings are paid out of a portion of past-due benefits withheld by the Commissioner for payment of fees. The combined total of fees awarded pursuant to § 406(a) and § 406(b) may not exceed 25 percent of the past-due benefits awarded to a claimant. See Frazier v. Apfel, 240 F.3d 1284, 1287 (10th Cir. 2001) (noting that claimant's attorneys could apply for a fee award from the Commissioner for work done at the administrative level pursuant to 42 U.S. C. § 406 "as long as 25% of his past-due benefits ha[d] not been fully awarded by the district court."); see also Harris v. Sec'y of Health and Human Servs., 836 F.2d 496, 498 n.1 (10th Cir. 1987) abrogated on other grounds by Frazier, 240 F.3d at 1286 ("We note that federal appellate courts which have addressed the issue agree that the collective fees awarded for services at both administrative and judicial levels cannot exceed 25% of the total of the past-due benefits to which the claimant is entitled.").[5] Furthermore, though an

---

[5] It appears that Plaintiff's court attorney requests the full 25 percent of past-due benefits withheld for payment of fees as he failed to apprise the Court whether the Commissioner awarded fees to Plaintiff's agency attorney. Motion, pp. 1, 4-5. To the extent that Plaintiff's court attorney's request is interpreted as an assertion that he is entitled to 25 percent of past-due benefits withheld for payment of fees, or $7,852.00, regardless of the amount of fees the Commissioner has or will award to Plaintiff's agency attorney, his position should be rejected as noted in the authorities cited in the text above. The Fifth Circuit Court of Appeals, the first federal appellate court to consider the issue, explained that the purpose of limiting the amount of fees awarded for both agency and court representation to 25 percent of the past-due benefits was "to insure that the old age benefits for retirees and disability benefits for the disabled, which are usually the claimant's sole means of support, are not diluted by a deduction of an attorney's fee of one-third or one-half of the benefits received." Dawson v. Finch, 425 F.2d 1192, 1195 (5th Cir.), cert. denied, 400 U.S. 830 (1970). To award Plaintiff's court attorney the full 25 percent could lead to an undesirable result which undoubtedly led the Tenth Circuit Court of Appeals to note that there may be a "need for one tribunal to be aware of what the other has awarded . . . ." Harris, 836 F.2d at 498 n.1. Thus, although "the district court may not consider services rendered in administrative proceedings in its determination of a reasonable attorney's fee under [§ 406(b)] . . . the court must take into account any fees fixed by the Secretary pursuant

attorney who handles a Social Security case at the judicial level may seek a fee award for work done in the judicial proceedings pursuant to both § 406(b) and the EAJA, "[i]f counsel is awarded fees under both the EAJA and [§ 406(b)], counsel must refund the smaller amount to the claimant." McGraw, 450 F.3d at 497.

The aggregate amount of fees awarded to Plaintiff's agency and court attorneys may not exceed $7,852.50. The parties have not specified whether the Commissioner has approved a fee payment to Plaintiff's agency attorney so it is not possible to determine the exact fee that may be awarded to Plaintiff's court attorney.[6]  However, any fee the Court awards to Plaintiff's court attorney pursuant to § 406(b) for judicial representation may not exceed $7,852.50 less any amount the Commissioner awards to Plaintiff's agency attorney for agency representation.  Further, Plaintiff's court attorney must refund the smaller attorney's fee award to Plaintiff, whether it is the $6,136.50 in EAJA fees already received or any award the Court makes pursuant to § 406(b).

## RECOMMENDATION

It is recommended that "Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) and Fed. R. Civ. P. 60(b)(6) with Supporting Memorandum" [Doc. No. 30] be granted and that the Court award an amount not to exceed the requested $7,852.00 to Plaintiff's court attorney pursuant to 42 U.S.C. § 406(b) for representation before the Court.  As requested,  to the extent the fee is paid by the Social Security Administration, the fee should be made payable to Plaintiff's counsel of

---

to [§ 406(a)]."  Morris v. Soc. Sec. Admin., 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

[6] Only the Commissioner may award fees for work performed in agency proceedings. See McGraw, 450 F.3d at 498.

record, Steve A. Troutman.[7]  Upon payment of any § 406(b) fee award, the lesser of the EAJA award and § 406(b) award must be refunded to Plaintiff.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before April 30, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  The parties are further advised that failure to file a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein.  <u>Moore v. United States</u>, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 9th day of April, 2007.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff's court attorney has requested payment directly to Steve A. Troutman and not Troutman & Troutman, P.C. so as to comply with Internal Revenue Code provisions governing Social Security Administration reporting procedures.  Motion, p. 6.